## S. D. ALEXANDER

*vs.*

## JOHN E. SEGEE, & CANADIAN PACIFIC RAILWAY COMPANY, Trustee.

Aroostook.Opinion September 14, 1906.

*Trustee Process.Foreign Plaintiff, Defendant and Trustee.No Service on Principal Defendant.Jurisdiction.Premature Exceptions.*

In the case at bar, neither the plantiff nor the defendant was a resident of Maine but both were residents of Frederickton in the Province of New Brunswick and Dominion of Canada and the personal services rendered by the principal defendant to the trustee were not rendered in the State of Maine but in the Province of New Brunswick.  The Canadian Pacific Railway Company, the alleged trustee, is a foreign corporation having its principal office and place of business in Montreal, where its treasury is located from which its debts are paid, although it operates a line of railway in Maine and has stations in connection with its railway business in this state, among which is one at Houlton in the county of Aroostook.  Service was made on the trustee by leaving the summons with the station agent of the company at Houlton, but no service was ever made upon the principal defendant, although service upon him was ordered by the court.  To the ruling of the presiding Justice that the court had jurisdiction in the case, and charging the trustee, the trustee filed exceptions and the case comes to the Law Court on these exceptions.

*Held:* that the exceptions are not regularly and properly before the Law Court and must be dismissed.  No service of the writ had been made upon the principal defendant and he had no opportunity to be heard upon the question of jurisdiction or the liability of the trustee.  Without such notice and such opportunity to be heard, he could not be concluded by any decision adverse to him which might be made respecting either of these questions.  The hearing at nisi prius was therefore premature and the exceptions were prematurely brought to the Law Court.

On exceptions by trustee.Dismissed.

Assumpsit on account annexed brought by the plaintiff against the principal defendant and the Canadian Pacific Railway Company as alleged trustee.

The plaintiff and the principal defendant were both residents in the Province of New Brunswick, the personal services rendered by the principal defendant to the alleged trustee were rendered in said Province, the alleged trustee is a foreign corporation having its principal office and place of business in Montreal, although operating a line of railway in Maine, and having a station at Houlton, Aroostook County, and no service was ever made on the principal defendant but service was made on the alleged trustee by a constable of the town of Houlton "giving in hand to Francis Dow, agent of said corporation, a summons for appearance at court of said trustee corporation." The alleged trustee admitted that it was indebted to the principal defendant to the extent of $47.25 as wages for personal services.

In the court of the first instance, the trustee contended that the court had no jurisdiction in the matter, but the presiding Justice ruled that the court had jurisdiction and charged the trustee for $47.25 less its costs. To this ruling that the court had jurisdiction and charging the trustee, the trustee excepted.

The case appears in the opinion.

*Charles Carroll*, for plaintiff.

*Charles F. Woodard*, for defendant trustee

SITTING: WISWELL, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. In the trustee's disclosure which is made a part of the case, it is admitted that at the time of the service of the writ upon the company's station agent at Houlton, the trustee was indebted to the principal defendant in the sum of $47.25 for his personal services rendered to the company within one month prior to the service of the writ, but the trustee moved that the action be dismissed on the ground that the court had no jurisdiction in this state to charge the trustee. It appears that neither the plaintiff nor the defendant was a resident of this state but both were residents of Frederickton in the Province of New Brunswick and Dominion of Canada and that the personal services rendered by the principal defendant to the trustee were not rendered in the State of Maine but

in the Province of New Brunswick. It further appears that the Canadian Pacific Railway Company, the alleged trustee, is a foreign corporation, having its principal office and place of business in Montreal where its treasury is located from which its debts are paid, although it operates a line of railway in this state and has stations in connection with its railway business in this state, among which is one at Houlton in the county of Aroostook. Service was made on the trustee by leaving the summons with the station agent of the company at Houlton, but no service was ever made upon the principal defendant, although service upon him was ordered by the court on the 12th day of the term, and on the 13th day the trustee was charged by the court for $47.25 less its costs. To this ruling of the presiding Justice that the court had jurisdiction in the case and charging the trustee as stated, the trustee filed exceptions, which were duly allowed and the case comes to this court on these exceptions.

It is the opinion of the court that the exceptions are not regularly and properly before this court and must be dismissed from this jurisdiction. No service of the writ had been made upon the principal defendant and he had no opportunity to be heard upon the question of the jurisdiction of the court or the liability of the trustee. Without such notice and such opportunity to be heard, he could not be concluded by any decision adverse to him which might be made respecting either of these questions. The hearing at nisi prius was therefore premature and the exceptions prematurely brought to this court. The exceptions must accordingly be dismissed and the case remanded for further proceedings after service of the writ upon the principal defendant in accordance with the order of court.

*Exceptions dismissed.*